UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
___:25-CV-_____

| | |
|---|---|
| JANE DOE, a minor, by and through her parents and next friends, JOHN DOE and MARY DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC. and DOES 1-10,<br><br>    Defendants. | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

NOW COMES Plaintiff JANE DOE, by and through her parents and next friends JOHN DOE and MARY DOE, complaining of the Defendants AMERICAN AIRLINES, INC. and DOES 1-10, and alleges as follows:

**INTRODUCTION**

1. In August 2023, Plaintiff, an 11-year-old girl at the time, boarded an American Airlines flight in Orlando, Florida with her parents. She was flying home to Charlotte, North Carolina after a trip to Disney World with her parents. During the flight, she was secretly filmed while using the airplane toilet. Disturbingly, the person who filmed her was a male flight attendant, Estes Carter Thompson III, whom she inherently trusted due to his position of authority, and because he had been tasked, by the airline with ensuring her safety. Worse yet, the airline knew or should have known that the flight attendant was a danger. Federal law enforcement confirmed prior instances of the attendant filming other minors in the months before her flight.

2. In October 2023, agents from the Federal Bureau of Investigation knocked on the

1

Case 3:25-cv-00593    Document 1    Filed 08/06/25    Page 1 of 15

door of the family's home and showed the child's mother images of her child's face, her unclothed buttocks and her genitalia, which had been recovered from the flight attendant's iCloud account, where he stored the images and related videos.  The child's mother confirmed to the FBI that the images they showed her were indeed of her daughter.  What began as a memorable family trip to Disney World has become a parent's worst nightmare.

3. Plaintiff has suffered severe emotional distress as a result of the incident including symptoms of post-traumatic stress disorder, anxiety, depression, and fearfulness.  This emotional distress has had a fundamental impact on her interpersonal relationships, her schooling, and her ability to function in the world.  Every area of the child's life has been affected by Defendants' actions and inactions.  By this suit, she seeks damages for the incident and to hold Defendants accountable.

## JURISDICTION

4. Jurisdiction is proper in federal court because this case arises under 28 U.S.C. 1332, which sets forth diversity jurisdiction.

5. Defendant American Airlines, Inc. is a corporation headquartered in Texas, with its principal place of business there.

6. Plaintiff is a citizen of North Carolina.

7. Jurisdiction is proper in the Western District of North Carolina because the flight at issue landed in Charlotte, North Carolina.  Additionally, the vast majority of the harm Plaintiff has suffered has occurred in North Carolina.  Furthermore, Charlotte, North Carolina is a hub for American Airlines, and the airline operates the majority of the flights at the Charlotte Douglas International Airport in Charlotte, North Carolina.

## PARTIES

8. Plaintiffs John Doe and Mary Doe are the parents and next friends of Jane Doe, a now 13-year-old girl, who all reside in Union County, North Carolina.

9. Defendant American Airlines, Inc. is a Delaware corporation headquartered in Tarrant County, Texas, that maintains its principal place of business in Texas.

10. Plaintiff is unaware of the true names and capacities of the Defendants Does 1 through 10. Plaintiff will amend her complaint to show the true names and capacities of these Defendants when ascertained. Plaintiff is informed and believes that each of the Defendants, including each fictitiously named Defendant, is liable in some manner for the events referred to in this Complaint.

11. At all times relevant to this Complaint, Defendants, and each of them, were acting as each other's agents, and were acting within the course and scope of their agency with the full knowledge, consent, permission, authorization, and ratification, either express or implied, of each of the other Defendants in performing the acts alleged in this Complaint.

12. Defendants are sued herein individually and as principals, participants, and aiders and abettors in the wrongful conduct complained of and the liability of each arises from the fact that each as engaged in all or part of the improper acts, plans, conspiracies, or transactions complained of herein. The acts alleged to have been done by Defendants were authorized, ordered, or done by them and their officers, agents, employees, or representatives while actively engaged in the management of each of the Defendants' affairs.

## FACTS

**Jane Doe Is Secretly Filmed While Using the Plane's Bathroom**

13. On August 15, 2023, Jane Doe boarded American Airlines flight number 2080 to

fly from Orlando, Florida to her home in Charlotte, North Carolina.

14. Together with her parents and grandparents, Jane Doe was traveling home after a visit to Disney World. Jane Doe and her mother were sitting in the first row in first class after her father received complimentary upgrades.

15. The first class flight attendant was Estes Carter Thompson III, who is currently in federal custody.

16. During the flight, Jane Doe rose from her seat to use the airplane bathroom. She walked slowly to the bathroom because she had a broken foot from a gymnastics injury.

17. After Jane Doe was done using the toilet, she then returned to her seat on the airplane, seat 1A.

**The FBI Notifies Jane Doe's Family That She Was Secretly Filmed**

18. A few months later, in October 2023, Mary Doe, Jane Doe's mother, opened her front door to find two agents from the Federal Bureau of Investigation.

19. The agents informed Mary Doe that still images of Jane Doe's face, unclothed buttocks and genitalia had been found on flight attendant Thompson's iCloud account.

20. At that first meeting the agents told Mary Doe that she and John Doe should tell their daughter about the incident.

21. After her first conversation with the FBI agents, Mary Doe was shocked and terrified by the news. She called her parents, who lived locally, and who were on the flight in question, and they immediately came over. She also told her husband, John Doe, who was at work at the time. After he heard the news, John Doe called one of the FBI agents to recount any memories he had from the flight.

22. On several calls thereafter, the FBI agents reiterated their initial recommendation

to Mary Doe that she and John Doe should tell their daughter about the incident.

23. The agents told Mary and John Doe that it would be good to tell Jane Doe because the agents wanted to see if Jane Doe remembered any details of the event that might strengthen the criminal case against Thompson.

24. The agents also said it would be beneficial to tell Jane Doe because they had reason to believe that Thompson had spoken to Jane Doe before or after she entered the bathroom, and they wanted to learn the details of that conversation.

25. The agents also told Mary and John Doe that it could be beneficial for them to tell Jane Doe so that she was not resentful toward them if she found out, on her own, at a later date.

26. In fact, the FBI agents coordinated a session between Mary and John Doe and an FBI counselor to explain to Mary and John Doe how an FBI interview with Jane Doe would work.

**The Parents Inform Jane Doe of the Incident**

27. Based on the FBI's advice, John and Mary Doe met with a mental health therapist to determine whether and how to tell Jane Doe about the incident.

28. Based on the therapist's advice, and based on the repeated suggestions of the FBI agents, in March 2025, John and Mary Doe told their daughter about the incident.

29. Learning that she was secretly filmed by Thompson, while on an American Airlines flight, has left Jane Doe deeply scarred.

30. As a direct result of the incident, Jane Doe has suffered severe negative effects and continues to struggle greatly to this day.

31. She suffers from symptoms of post-traumatic stress disorder including, but not limited to, depression and anxiety.

32. She is consistently worried about being in a public restroom by herself. She asks for someone to come to the bathroom with her. Every time she enters a public restroom, she looks around for a camera.

33. She thinks about the incident frequently and she sees a therapist.

34. Jane Doe is also now scared to fly on any airplane.

**FBI's Investigation and Criminal Charges Against Thompson**

35. Flight attendant Thompson is currently in federal custody serving an 18.5 year sentence after pleading guilty to his depraved crimes. He was taken into custody after a 14-year-old female passenger boarded an American Airlines flight on September 2, 2023, and discovered an iPhone in the lavatory during her trip from Charlotte, North Carolina to Boston, Massachusetts. The iPhone was taped to the toilet with red tape. This red tape was not accessible to passengers.



36. An investigation revealed that Thompson's iCloud account contained at least four instances between January and August 2023 in which Thompson recorded a minor using the lavatory on an aircraft—including Jane Doe in August 2023. The Department of Justice released a statement noting that the minor victims depicted in the surreptitious recordings were 7, 9, 11 and 14 years old at the time.

37. Additionally, over 50 images of a nine-year-old unaccompanied minor were found in Thompson's iCloud. The images included photos taken while the minor victim was seated in her seat pre-flight and close-ups of her face while sleeping. Additionally, hundreds of AI-generated images depicting child sexual abuse were also found stored on Thompson's iCloud account.

38. Thompson was charged with violating 18 U.S.C. § 2251(a) and (e) (Sexual Exploitation of Children, and attempt) and 18 U.S.C. §2252(A)(a)(5)(B) and (b)(2) (Possession of Child Pornography depicting prepubescent minor, and attempt).

39. On March 18, 2025, Thompson pled guilty to one count of attempted sexual exploitation of children and one count of possession of child pornography depicting a prepubescent minor. He was sentenced on July 23, 2025 to 18.5 years in prison followed by 5 years of supervised release.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Negligence**
**(Against Defendant American Airlines)**

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint as though fully set forth herein.

41. American Airlines owed to Jane Doe the legal duty to exercise the highest degree

of care to avoid injuring a passenger during flight.

42. American Airlines owns the aircraft and has a duty to ensure that its flights are conducted safely because it has control over the premises, the manner that its flight attendants conduct American Airlines business on the premises, including the ability to require its flight attendants to observe and follow all laws, regulations, and internal policies relating to the safety and well-being of its passenger-customers.

43. This duty required that American Airlines and its employees exercised the greatest degree of care and foresight possible to ensure Jane Doe's safe conveyance.

44. Notwithstanding American Airlines' control over its property and its flight attendants, American Airlines failed to stop Thompson from violating the law, including on August 15, 2023, when Thompson's criminal conduct robbed Jane Doe of her privacy, personal safety, innocence and well-being.

45. American Airlines breached its duty in multiple ways.

46. American Airlines breached its duty because, according to a Department of Justice press release, prior instances of flight attendant Thompson's misconduct with other minors occurred several months before Jane Doe's August 15, 2023 flight. Yet, American Airlines had done nothing to ensure Jane Doe's safety.

47. American Airlines further breached its duty because other flight attendants on the relevant flight, and the prior flights when Thompson was filming young girls, knew or should have known that Thompson was engaged in improper behavior.

48. Upon information and belief, American Airlines was negligent, and their acts and/or omissions of negligence consisted of one of more of the following:

a) American Airlines employed and retained Thompson without conducting a proper criminal or background investigation or diligently vetting his application for employment;

b) American Airlines retained Thompson even though they knew or should have known that Thompson was and unfit work as a flight attendant;

c) American Airlines failed to adequately investigate Thompson's background, training, experience and credentials;

d) American Airlines failed to exercise reasonable care to control and supervise Thompson in such a manner that he would not cause harm to Plaintiff;

e) American Airlines failed to properly train their flight attendants to recognize the signs the other flight attendants engaged in activities that might harm passengers;

f) American Airlines failed to have an appropriate training program in place to train or re-train flight attendants;

g) American Airlines failed to develop, formulate, promulgate, implement, and adopt adequate policies and procedures to ensure that the incident alleged in the complaint were prevented or allowed to continue over months with no intervention, including but not limited to preventing flight attendants from using their personal recording devices on flights;

h) American Airlines supplied, provided and/or allowed Thompson with the opportunity to photograph and video minors in such a way as previously described herein;

i) American Airlines assigned Thompson to position and placed him in a situation which they knew or should have known could result in harm to minors as previously described herein without recognizing obvious warnings of nefarious behavior; and

j) American Airlines otherwise failed to exercise reasonable care or follow industry standards.

49. American Airlines' breaches of its duty to Jane Doe were an actual and proximate cause of the injuries she suffered:

    a. She suffers from symptoms of post-traumatic stress disorder including, but not limited to, depression and anxiety.

    b. She is consistently worried about being in a public restroom by herself. She asks for someone to come to the bathroom with her. Every time she enters a public restroom, she looks around for a camera.

    c. She thinks about the incident frequently and she sees a therapist.

    d. Jane Doe is also scared to fly.

    e. Additionally, these effects have impacted Jane Doe's schooling because she has difficulty focusing on school-related tasks.

50. As a direct and proximate cause of American Airlines' actions and inactions, which were in conscious disregard of the safety of others, Jane Doe has suffered damages including mental anguish and exemplary damages in an amount to be proven at trial for which she now seeks recovery.

## SECOND CLAIM FOR RELIEF
**Negligent Hiring, Supervision, or Retention (Against Defendant American Airlines)**

51. Plaintiffs re-alleges and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint as though fully set forth herein.

52. American Airlines owed to Jane Doe the legal duty to exercise the highest degree of care to avoid injuring a passenger during flight.

53. This duty required that American Airlines and its employees exercised the greatest degree of care and foresight possible to ensure Jane Doe's safe conveyance.

54. American Airlines was required to use reasonable care in hiring, supervising and

retaining employees who are competent and fitted for the work in which they are engaged.

55. Thompson was not competent or fit for being a flight attendant because he placed a hidden mobile phone in an airplane bathroom to secretly film Jane Doe using the toilet.

56. Upon information and belief, American Airlines knew or should have known that Thompson was unfit for any employment position at American Airlines.

57. Upon information and belief, multiple American Airlines employees knew or should have known that Thompson engaged in inappropriate, sexual conduct prior to his filming of Jane Doe.

58. Upon information and belief, American Airlines knew or should have known that multiple American Airlines employees had complained about Thompson's inappropriate conduct prior to his filming of Plaintiff.

59. Upon information and belief, American Airlines negligently supervised Defendant Thompson by, among other things, failing to adequately investigate reports of his inappropriate behavior, failing to report that behavior to law enforcement if appropriate, and failing to take appropriate steps to increase supervision and observation of Defendant Thompson upon becoming aware of his inappropriate behavior.

60. Upon information and belief, American Airlines negligently retained Defendant Thompson by allowing him to continue to remain his position of employment well after the time when American Airlines knew or should have known of Defendant Thompson's inappropriate behavior.

61. Upon information and belief, American Airlines' negligent supervision and retention of Defendant Thompson allowed him to the opportunity to secretly film Jane Doe while she used the airplane bathroom and was therefore a substantial factor in causing harm to Jane

Doe.

62. American Airlines' breaches of its duty to Jane Doe were an actual and proximate cause of the injuries Plaintiff Jane Doe suffered:

   a. She suffers from symptoms of post-traumatic stress disorder including, but not limited to, depression and anxiety.

   b. She is consistently worried about being in a public restroom by herself. She asks for someone to come to the bathroom with her. Every time she enters a public restroom, she looks around for a camera.

   c. She thinks about the incident frequently and she sees a therapist.

   d. Jane Doe is also scared to fly.

   e. Additionally, these effects have impacted Jane Doe's schooling because she has difficulty focusing on school-related tasks.

63. As a direct and proximate cause of American Airlines' actions and inactions, Jane Doe has suffered damages including mental anguish and exemplary damages in an amount to be proven at trial for which she now seeks recovery.

**THIRD CLAIM FOR RELIEF**
**Negligent Infliction of Emotional Distress (Against Defendant American Airlines)**

64. Plaintiffs re-allege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint as though fully set forth herein.

65. As set forth throughout this Complaint, American Airlines was negligent in its handling of the incident, in failing to prevent the incident, in its supervision of Thompson, and in its retention of Thompson.

66. Plaintiff suffered severe emotional distress as a result of American Airlines' negligence. That emotional distress includes but is not limited to the following:

a. She suffers from symptoms of post-traumatic stress disorder including, but not limited to, depression and anxiety.

b. She is consistently worried about being in a public restroom by herself. She asks for someone to come to the bathroom with her. Every time she enters a public restroom, she looks around for a camera.

c. She thinks about the incident frequently and she sees a therapist.

d. Jane Doe is also scared to fly.

67. All of these effects have impacted Jane Doe's interpersonal relationships, including her ability to trust adults tasked with ensuring her safety, such as teachers and other authority figures.

68. Additionally, these effects have impacted Jane Doe's schooling because she has difficulty focusing on school-related tasks.

69. She is devastated to think that there may be an image or video of her naked body, using a toilet, circulating on the internet.

70. American Airlines' negligence was a proximate cause of Jane Doe's severe emotional distress.

71. As a direct and proximate cause of American Airlines' negligence, Jane Doe has suffered damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray the Court for the following relief against Defendant:

1. For monetary damages according to proof;

2. For exemplary damages;

3. For pre- and post-judgment interest on money damages allowed by law;

4. For costs of suit herein, including attorneys' fees, to the maximum extent allowed by law;

5. That the Court tax the costs of this action against Defendant;

6. That all issues triable by jury be so tried; and

7. For all other relief, both legal and equitable, which the Court deems just and proper.

This 6th day of August, 2025

**CHANDLER VOLTA, P.A.**

s/ R. Michael Chandler
R. Michael Chandler, NC State Bar No. 26550
1009 East Boulevard, Suite 110
Charlotte, North Carolina 28203
Telephone: (704) 980-9999
Facsimile: (704) 930-0220
Email: michael@cvinjurylaw.com

**GOODMAN, CARR, LAUGHRUN, GREENE & HEROY PLLC**

s/ Michael J. Greene
Michael J. Greene, NC State Bar No. 29237
301 S. McDowell Street, Suite 602
Charlotte, North Carolina 28204
Telephone: (704) 372-2770
Facsimile: (704) 372-6337
Email: mgreene@goodmancarr.net

**LEWIS & LLEWELLYN LLP**

s/ Paul T. Llewellyn
Paul T. Llewellyn, CA State Bar No. 216887
*Pending Pro Hac Vice Admission*
Erin H. Reding, CA State Bar No. 252691
*Pending Pro Hac Vice Admission*
601 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 800-0590

Facsimile: (415) 390-2127
Email: pllewellyn@lewisllewellyn.com
ereding@lewisllewellyn.com


Counsel for Plaintiff
JANE DOE, by and through MARY JOE AND
JOHN DOE