IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JANE DOE, A MINOR, BY AND THROUGH HER PARENTS AND NEXT FRIENDS, JOHN DOE AND MARY DOE,<br><br>PLAINTIFF,<br><br>VS.<br><br>AMERICAN AIRLINES, INC., AND DOES 1-10,<br><br>DEFENDANTS. | CASE: 3:25-CV-00593-FDW-DCK<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERICAN AIRLINES, INC.** |

Defendant American Airlines, Inc. (hereinafter "Defendant" or "American") by and through the undersigned counsel, and hereby responds to the Plaintiff's Complaint. Each and every allegation contained in the Complaint is denied unless expressly admitted below. Defendant specifically responds to the numbered paragraphs as follows:

**FOR A FIRST DEFENSE**
**INTRODUCTION**

1.  It is admitted that in August 2023, Plaintiff was a passenger on American Airlines Flight 2080 with service from Orlando, Florida to Charlotte, North Carolina. As to the remainder of the allegations contained within Paragraph #1, Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #1 and/or the allegations within this Paragraph contain conclusions of law to which no response is required. To the extent these allegations allege wrongdoing or culpability on the part of this answering Defendant, those allegations are denied.

1

2. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #2.

3. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #3.

## FOR A FIRST DEFENSE
## JURISDICTION

4. The allegations contained within Paragraph #4 contain conclusions of law to which no response is required. To the extent these allegations allege wrongdoing or culpability on the part of this answering Defendant, those allegations are denied.

5. The allegations contained within Paragraph #5 are admitted.

6. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #6.

7. It is admitted that the Charlotte-Douglas International Airport is a hub for American and that the flight at issue arrived at this airport. The remainder of the allegations within Paragraph #7 contain conclusions of law to which no response is required. To the extent these allegations allege wrongdoing or culpability on the part of this answering Defendant, those allegations are denied.

## FOR A FIRST DEFENSE
## PARTIES

8. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #8.

9. The allegations contained within Paragraph #9 are admitted.

10. The allegations contained within Paragraph #10 are denied.

4900-0913-5459v2
2968097-000014 09/04/2025

11. The allegations contained within Paragraph #11 are denied.

12. The allegations contained within Paragraph #12 are denied.

## FOR A FIRST DEFENSE
## FACTS

### Jane Doe is Secretly filmed While Using the Plane's Bathroom

13. It is admitted that Jane Doe was a passenger on American Airlines Flight 2080 with service from Orlando, Florida to Charlotte, North Carolina. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #13 pertaining to Jane Doe's place of residence.

14. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #14.

15. It is admitted that Thompson was a flight attendant on Flight 2080. Defendant is without sufficient information to admit or deny the remainder of the allegations contained within Paragraph #15.

16. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #16.

17. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #17.

### The FBI Notifies Jane Doe's Family That She Was Secretly Filmed

18. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #18.

19. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #19.

20. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #20.

21. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #21.

22. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #22.

23. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #23.

24. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #24.

25. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #25.

26. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #26.

**The Parents Inform Jane Doe of the Incident**

27. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #27.

28. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #28.

29. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #29.

30. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #30.

31. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #31.

32. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #32.

33. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #33.

34. Defendant is without sufficient information to admit or deny the allegations contained within Paragraph #34.

**FBI's Investigation and Criminal Charges Against Thompson**

35. The allegations contained within Paragraph #35 refer to court records from a matter pending in the United States District Court for the District of Massachusetts that may bear case number 1:24-mj-05009-JGD-1. To the extent that the allegations contained within Paragraph #35 are inconsistent with those court records, those allegations are denied. Furthermore, to the extent that the allegations contained within Paragraph #35 allege any wrongdoing or culpable conduct on the part of the Defendant, those allegations are denied.

36. The allegations contained within Paragraph #36 refer to court records from a matter pending in the United States District Court for the District of Massachusetts that may bear case number 1:24-mj-05009-JGD-1. To the extent that the allegations contained within Paragraph #36 are inconsistent with those court records, those allegations are denied. Furthermore, to the extent that the allegations contained within Paragraph #36 allege any wrongdoing or culpable conduct on the part of the Defendant, those allegations are denied.

37. The allegations contained within Paragraph #37 refer to court records from a matter pending in the United States District Court for the District of Massachusetts that may bear case

number 1:24-mj-05009-JGD-1.  To the extent that the allegations contained within Paragraph #37 are inconsistent with those court records, those allegations are denied.  Furthermore, to the extent that the allegations contained within Paragraph #37 allege any wrongdoing or culpable conduct on the part of the Defendant, those allegations are denied.

38. The allegations contained within Paragraph #38 refer to court records from a matter pending in the United States District Court for the District of Massachusetts that may bear case number 1:24-mj-05009-JGD-1.  To the extent that the allegations contained within Paragraph #38 are inconsistent with those court records, those allegations are denied.  Furthermore, to the extent that the allegations contained within Paragraph #38 allege any wrongdoing or culpable conduct on the part of the Defendant, those allegations are denied.

39. The allegations contained within Paragraph #39 refer to court records from a matter pending in the United States District Court for the District of Massachusetts that may bear case number 1:24-mj-05009-JGD-1.  To the extent that the allegations contained within Paragraph #39 are inconsistent with those court records, those allegations are denied.  Furthermore, to the extent that the allegations contained within Paragraph #39 allege any wrongdoing or culpable conduct on the part of the Defendant, those allegations are denied.

**FOR A FIRST DEFENSE**
**FIRST CLAIM FOR RELIEF**
**Negligence**
**(Against Defendant American Airlines)**

40. Defendant reasserts and realleges herein each and every response to the paragraphs #1 through #39 above as if stated herein verbatim.

41. The allegations contained within Paragraph #41 contain conclusions of law to which no response is required. To the extent these allegations allege wrongdoing or culpability on the part of this answering Defendant, those allegations are denied.

42. The allegations contained within Paragraph #42 contain conclusions of law to which no response is required. To the extent these allegations allege wrongdoing or culpability on the part of this answering Defendant, those allegations are denied.

43. The allegations contained within Paragraph #43 contain conclusions of law to which no response is required. To the extent these allegations allege wrongdoing or culpability on the part of this answering Defendant, those allegations are denied.

44. The allegations contained within Paragraph #44 are denied.

45. The allegations contained within Paragraph #45 are denied.

46. The allegations contained within Paragraph #46 are denied.

47. The allegations contained within Paragraph #47 are denied.

48. The allegations contained within Paragraph #48, including subparts "a" through "j," are denied.

49. Defendant denies that it breached any duty to the Plaintiff and that it was an actual or proximate cause of the injuries suffered. As to the remaining allegations contained within subparts "a" through "e" of Paragraph #49, Defendant is without sufficient information to admit or deny the allegations.

50. Defendant denies that it was an actual or proximate cause of the injuries suffered. As to the remaining allegations contained within Paragraph #50, Defendant is without sufficient information to admit or deny the allegations.

# FOR A FIRST DEFENSE
# SECOND CLAIM FOR RELIEF
**Negligent Hiring, Supervision, or Retention**
**(Against Defendant American Airlines)**

51. Defendant reasserts and realleges herein each and every response to the paragraphs #1 through #50 above as if stated herein verbatim.

52. The allegations contained within Paragraph #52 contain conclusions of law to which no response is required. To the extent these allegations allege wrongdoing or culpability on the part of this answering Defendant, those allegations are denied.

53. The allegations contained within Paragraph #53 contain conclusions of law to which no response is required. To the extent these allegations allege wrongdoing or culpability on the part of this answering Defendant, those allegations are denied.

54. The allegations contained within Paragraph #54 contain conclusions of law to which no response is required. To the extent these allegations allege wrongdoing or culpability on the part of this answering Defendant, those allegations are denied.

55. The allegations contained within Paragraph #55 are denied.

56. The allegations contained within Paragraph #56 are denied.

57. The allegations contained within Paragraph #57 are denied.

58. The allegations contained within Paragraph #58 are denied.

59. The allegations contained within Paragraph #59 are denied.

60. The allegations contained within Paragraph #60 are denied.

61. The allegations contained within Paragraph #61 are denied.

62. Defendant denies that it breached any duty to the Plaintiff and that it was an actual or proximate cause of the injuries suffered. As to the remaining allegations contained within

subparts "a" through "e" of Paragraph #62, Defendant is without sufficient information to admit or deny the allegations.

63. Defendant denies that it was an actual or proximate cause of the injuries suffered. As to the remaining allegations contained within Paragraph #63, Defendant is without sufficient information to admit or deny the allegations.

**FOR A FIRST DEFENSE**
**THIRD CLAIM FOR RELIEF**
**Negligent Infliction of Emotional Distress**
**(Against Defendant American Airlines)**

64. Defendant reasserts and realleges herein each and every response to the paragraphs #1 through #63 above as if stated herein verbatim.

65. The allegations contained within Paragraph #65 are denied.

66. Defendant denies that it breached any duty to the Plaintiff and that it was an actual or proximate cause of the injuries suffered. As to the remaining allegations contained within subparts "a" through "d" of Paragraph #66, Defendant is without sufficient information to admit or deny the allegations.

67. Defendant denies that it was an actual or proximate cause of the injuries suffered. As to the remaining allegations contained within Paragraph #67, Defendant is without sufficient information to admit or deny the allegations.

68. Defendant denies that it was an actual or proximate cause of the injuries suffered. As to the remaining allegations contained within Paragraph #68, Defendant is without sufficient information to admit or deny the allegations.

69. Defendant denies that it was an actual or proximate cause of the injuries suffered. As to the remaining allegations contained within Paragraph #69, Defendant is without sufficient information to admit or deny the allegations.

70. The allegations contained within Paragraph #70 are denied.

71. The allegations contained within Paragraph #71 are denied.

This Defendant denies the allegations of Paragraphs #1 - #7 of Plaintiff's Prayer for Relief. This Defendant denies any allegations contained within Plaintiff's Complaint that are not specifically addressed above.

### SECOND DEFENSE – RULE 12(b)(6)

Plaintiff's Complaint fails to state a cause of action or multiple causes of action upon which relief can be granted against this Defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as this Defendant is not liable for the intentional acts and/or criminal acts of its employees where Defendant had no knowledge of the employees' propensity or disposition to commit such acts.

### THIRD DEFENSE – ABSENCE OF NOTICE

Defendant does not bear responsibility for intentional and/or criminal acts of its employees.

### FOURTH DEFENSE – ABSENCE OF NOTICE

Defendant did not have actual or constructive notice of the propensity or likelihood of the employee at issue to commit the acts alleged in the Complaint.

### FIFTH DEFENSE- FEDERAL PREEMPTION

Plaintiff's Complaint fails to state viable causes of action against the Defendant because these causes of action may be preempted by Federal Aviation Regulations and/or federal legislation, including, but not limited to the Airline Deregulation Act and interpreting case law.

## SIXTH DEFENSE – PUNITIVE DAMAGES

The imposition of punitive or exemplary damages against this Defendant would violate its constitutional rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines Clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the North Carolina Constitution, or the common law and public policies of North Carolina or applicable statutes and court rules.

## SEVENTH DEFENSE – PUNITIVE DAMAGES

Plaintiff has not properly alleged aggravating circumstances or factors to support a claim for punitive damages.

## EIGHTH DEFENSE – PUNITIVE DAMAGES

No officers, directors, or managers of the Defendant participated in or condoned any conduct alleged by the Plaintiff and denied by this Defendant, to constitute willful and wanton conduct. Accordingly, pursuant to N.C. Gen. Stat. § 1D-15(c), Plaintiff cannot recover punitive damages against this Defendant and any demand for same should be dismissed with prejudice.

## RESERVATION OF RIGHTS

The Defendant has not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. Defendant intends to act as best it can to inform itself as to the pertinent facts and prevailing circumstances surrounding any reported damage or injury to Plaintiff as alleged in the Complaint, and gives notice

4900-0913-5459v2
2968097-000014 09/04/2025

of its intent to assert any further affirmative defenses its information gathering process may indicate are supported by fact and law, including, but not limited to, a defense that the action is barred in whole or in part by any applicable statute, contract, release, covenant, or equitable doctrine. The Defendant therefore reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, American Airlines, Inc. prays as follows:

1) That Plaintiff have and recover nothing of the Defendant in this action;

2) That the Plaintiff's action against the Defendant be dismissed, and that the cost of this action be taxed against the Plaintiff, and that Defendant have and recover defense costs, attorneys' fees, and any other consequential damages allowable under law;

3) That there be a trial by jury; and

4) That the Defendant have and recover any such other and further relief as the Court may deem just and proper.

Respectfully submitted this 4th day of September, 2025.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

Respectfully submitted,

*/s/ William M. Starr*
William M. Starr
NC Bar No.: 31813
101 S. Tryon Street Suite 3600
Charlotte, NC 28280
bstarr@bakerdonelson.com
(980) 256-6300
*Attorney for American Airlines, Inc.*