IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JANE DOE, A MINOR, BY AND THROUGH HER PARENTS AND NEXT FRIENDS, JOHN DOE AND MARY DOE,<br><br>PLAINTIFF,<br><br>VS.<br><br>AMERICAN AIRLINES, INC., AND DOES 1-10,<br><br>DEFENDANTS. | CASE: 3:25-CV-00593-FDW-DCK<br><br>**CERTIFICATION AND REPORT OF F.R.C.P. 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN** |

**CERTIFICATION AND REPORT OF F.R.C.P. 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN**

1. **Certification of Conference**. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on **September 17, 2025,** between **Paul T. Llewellyn, Esq. (counsel for the Plaintiff), Michael Chandler, Esq. (counsel for the Plaintiff), Michael Greene, Esq. (counsel for the Plaintiff), and William M. Starr, Esq. (counsel for American Airlines, Inc.)**.

2. **Pre-Discovery Disclosures**.
   ☒ The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **October 1, 2025 (two weeks following the Initial Attorney Conference as required by Judge Whitney's Initial Scheduling Order and Standing Order Governing Civil Case Management).**

   ☐ The parties stipulate out of or object to mandatory initial disclosures.

3. **Brief Statement of the Nature and Complexity of the Case**.

   **In this action, Plaintiff alleges that on August 15, 2023, Plaintiff Jane Doe was a passenger on American Airlines Flight 2080 with service from Orlando to Charlotte. During the flight, Plaintiff alleges that Jane Doe went to use the lavatory on the aircraft. Prior to her use of the lavatory, Plaintiff further alleges an American Airlines, Inc. flight attendant surreptitiously affixed a phone to the toilet lid to capture images of Jane Doe as she undressed and used the toilet.**

**Plaintiff asserts causes of action against American Airlines, Inc. for negligence, negligent hiring, supervision, or retention, and negligent infliction of emotional distress. Plaintiff seeks compensatory and punitive damages. American Airlines, Inc. denies all allegations and liability for the causes of action asserted.**

**This is a complex case that will require significant written discovery and depositions of parties, fact witnesses, and medical providers. It will also likely require the retention and depositions of experts in multiple disciplines. For these reasons, the parties believe the case should be assigned to the Complex/Extended Track.**

4. <u>Case Management Track.</u>

    ☒ The parties jointly request that this matter be assigned to the **Complex/Extended Track**. If this case management track is assigned, the discovery completion deadline would be **June 3, 2026,** and the dispositive motions deadline would be **July 1, 2026**.

    ☐ The parties disagree as to the appropriate case management track.

    ☒ (Check if applicable and explain below.) Identify any anticipated conflicts (including personal or professional obligations, family or medical leave, or vacation that has been secured in advance) upon which any party or counsel would seek to have the discovery period extended by a reasonable period of not more than eight (8) weeks and/or the trial setting continued not more than one (1) complete motions/trial calendar cycle beyond that which otherwise would be justified based solely on the nature and complexity of the case:

    - **Counsel for American Airlines, Inc. has requested a trial date of June 1, 2026 in the General Court of Justice, Superior Court Division, Durham County.**

    - **Counsel for American Airlines, has a peremptory trial setting on June 29, 2026, in the General Court of Justice Superior Court Division, Mecklenburg County, North Carolina.**

    - **Counsel for Plaintiff (Michael J. Greene) has previously filed for secured leave for December 8-19, 2025, and February 2-6, 2026. Counsel also serves on the North Carolina Board of Law Examiners and will be out of town October 29-31, 2025, and January 14-16, 2026, for hearings. Counsel will also be unavailable March 20-26, 2026, and August 9-18, 2026, grading the North Carolina Bar Exam.**

- **Counsel for Plaintiff (R. Michael Chandler) has personal plans and intends to file for secured leave the weeks of January 12-16, 2026 and April 6-10, 2026.**

Discovery Plan. The parties jointly propose to the Court the following discovery deadlines and limitations.

(a) *Deadline for motions* to join additional parties or otherwise amend the pleadings: **November 26, 2025**.

(b) *Discovery Limits*:
 1) Maximum of **25** interrogatories per side
 2) Maximum of **25** requests for production per side.
 3) Maximum of **25** requests for admission per side.
 4) Maximum of **50** hours of oral deposition per side.

(c) *Expert reports* from retained experts under Rule 26(a)(2) will be due:
 - from plaintiff(s) by **March 23, 2026**;
 - from defendant(s) by **April 20, 2026**;
 Supplementations under Rule 26(e) due **May 15, 2026**.

(d) *Special Issues Regarding the Scope and Schedule of Discovery.* (Note that in cases complex enough to warrant the bifurcation of discovery or other proceedings, the parties may propose separate phases of discovery, provided that the aggregate amount of time allocated to all phases of discovery does not exceed the total number of weeks permitted for discovery given the appropriate case management track.)

(e) *Objections*:

5. Other Items.

 (a) Initial Pretrial Conference. The parties **do not** request conference with the Court prior to the entry of a Case Management Order.

 (b) Alternative Dispute Resolution.
 Based upon preliminary discussions, settlement in this case **cannot yet be adequately evaluated**. The prospect of settlement may be enhanced by use of the following ADR procedure:
 ☐ Mediated Settlement Conference
 ☐ Judicial Settlement Conference
 ☐ Binding Arbitration
 ☒ Other: **Private mediation**

The parties agree that the above-selected ADR procedure would be most useful if conducted:

☐ Prior to further discovery.
☐ After an initial round of preliminary discovery to be completed by _____.
☒ After the completion of discovery.

(c) <u>Trial Estimates.</u> If this case is ultimately tried, trial is expected to take approximately **4-5 days**. This case will be tried **with a jury**.

(e) <u>Local Civil Rule 73.1(C) Certification.</u>
☒ The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge. <u>If unanimous consent is present, file an executed Joint Stipulation of Consent form (WDNC Form 34) contemporaneously with the CIAC or else the option to consent</u> may be deemed waived as untimely.

6. Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, privilege, and electronically stored information):

- **At the time of this submission, the parties are not aware of any other matters regarding discovery or case management requiring the Court's attention. However, should these issues manifest, the parties will immediately bring this to the Court's attention.**

Respectfully submitted this the 22nd of September, 2025.

                    */s/ R. Michael Chandler*
                    R. Michael Chandler
                    NC State Bar No: 26550
                    1009 East Boulevard, Ste 101
                    Charlotte, NC 28203
                    michael@cvinjurylaw.com
                    704-980-9999
                    *Attorney for Plaintiffs:*

                    */s/ William M. Starr*
                    William M. Starr
                    NC Bar No.: 31813
                    101 S. Tryon Street Suite 3600
                    Charlotte, NC 28280
                    bstarr@bakerdonelson.com
                    (980) 256-6300

*Attorney for Defendant American Airlines, Inc.*