**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **JANE DOE, A MINOR, BY AND THROUGH HER PARENTS AND NEXT FRIENDS, JOHN DOE AND MARY DOE,** | ) | **CASE: 3:25-CV-00593-MEO-DCK** |
| **PLAINTIFF,** | ) | **<u>ORDER ON JOINT MOTION TO APPROVE CONFIDENTIAL MINOR SETTLEMENT</u>** |
| **VS.** | ) | |
| **AMERICAN AIRLINES, INC., AND DOES 1-10,** | ) | |
| **DEFENDANTS.** | ) | |

This matter comes before the Court on the Parties' Joint Motion to Approve Settlement with a Minor ("Joint Motion") [**DE 15**] that was filed with the Court on October 19, 2026. For the reasons stated below, the Joint Motion will be **GRANTED**.

**<u>BACKGROUND</u>**

1. North Carolina law recognizes that "[m]inors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are entitled." *N.C. Gen. Stat*. § 35A-1201(a)(6).

2. Accordingly, the Court "must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected." *In re Abrams & Abrams, P.A. v. Nat'l Union Fire Ins*., 605 F.3d 238, 347 (4th Cir. 2010).

## FINDINGS OF FACT

3. The Court convened a hearing on the Joint Motion on November 12, 2026 at 1:00 p.m. EST in Courtroom 5B of the Charles R. Jonas Federal Building and Courthouse located at 401 W Trade St, Charlotte, North Carolina. At the commencement of the hearing, pursuant to Local Rule 6.1 and in order to preserve confidentiality, the courtroom was sealed so that any statements pertaining to the settlement would not be publicly disclosed.

4. Plaintiffs John and Mary Doe ("Plaintiffs"), as the natural parents and legal guardians of Jane Doe, a minor, were present at the hearing. They were represented by Michael Chander, Esq. of Chandler Volta, P.A. and Michael J. Greene, Esq. of Goodman, Carr, Laughren, Greene & Heroy PLLC.

5. Defendant American Airlines, Inc. ("Defendant") was represented by William M. Starr, Esq. of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.

6. During the hearing, the Court was provided with and reviewed the Confidential Settlement Agreement and Mutual Release ("Settlement Agreement") *in camera*.

7. To determine the reasonableness of the Settlement Agreement, the Court requested that counsel for the Plaintiff and Defendant provide candid evaluations of the strengths and weaknesses of the case. Counsel for both parties complied with this request highlighting factual and legal arguments of their respective claims and defenses as well as the risks associated with continued litigation.

8. Additionally, the Court posed various questions to John and Mary Doe in which they acknowledged that they:

(a) Read, understand, and agree to the terms of the Settlement Agreement and that their minor child, Jane Doe, is a beneficiary of the settlement;

(b) Retained and conferred with counsel of their choice since the inception of the litigation and through the time of settlement;

(c) Understand that the Settlement Agreement provides that their minor child receive a monetary settlement in an amount of which they are aware and approve;

(d) Understand that a portion of the total settlement sum will go toward paying the expenses of this litigation and their attorneys' fees;

(e) Believe that the proposed settlement for their minor child is fair and reasonable under the circumstances of the case both as to the amount of the settlement and as to the proposed disbursement of fees and costs;

(f) Understand that the monies paid pursuant to the settlement and release agreement for the benefit of their minor child belong to said child and not to them, and that no such monies shall be used for typical parenting expenditures such as for food, clothing, shelter, healthcare, or other maintenance costs generally associated with raising a child;

(g) Understand that the monies due to their child will terminate the claim of their minor child against the Defendant, that acceptance of the settlement on behalf of their minor child, Jane Doe, will bind their minor child in the same manner as if such minor had consented to the settlement as an adult,

and said child will be enjoined from seeking any further redress against Defendant based upon the acts and omissions alleged in the Complaint.

9. *In re Abrams* also instructs that central to the court's role in protecting minor parties is determining whether their attorney fee agreements, including contingency agreements, are reasonable. *Abrams*, 605 F.3d at 243-45.

10. The Fourth Circuit recited twelve factors that should guide the Court's analysis. *Id*. at 244. Although some factors may not add much, if anything, to the analysis in a particular case, the factors that do apply should be considered. *Id*.

11. Review of the pertinent *Abrams* factors establishes that the attorneys' fees claimed are reasonable.

12. In addition to fees, Plaintiffs' counsel claims costs of $15,878.34. These costs were provided to the Court in two separate spreadsheets that were reviewed *in camera*. The Court has reviewed the costs and finds them to be reasonable as they are consistent with the amount and nature of the work Plaintiffs' counsel has performed in the case.

## CONCLUSIONS OF LAW

WHEREFORE, based upon the foregoing findings of fact, the Court concludes as a matter of law that:

1. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper in this Court.

2. “[M]inors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are entitled.” *N.C. Gen. Stat*. § 35A-1201(a)(6).

3. Plaintiffs John and Mary Doe had the chance to confer with counsel of their choice since the inception of the litigation as well as the content and substance of the Settlement Agreement.

4. The Plaintiffs, John and Mary Doe are competent and able to understand the ramifications of the Settlement Agreement, as well as the effect it would have on their minor child, Jane Doe. They are competent to enter into and execute the Settlement Agreement and agree with its terms.

5. Given the strengths and weaknesses of both parties’ positions and the inherent risk associated with continued litigation, the settlement is fair and reasonable.

6. The settlement will bind their minor child, Jane Doe, in the same manner as if such minor had consented to the settlement as an adult, and said child will be enjoined from seeking any further redress against Defendant based upon the acts and omissions alleged in the Complaint

7. Application of the *Abrams* factors reflects that the disbursement of attorneys’ fees is fair and reasonable.

8. The Court has reviewed the attorney fees and costs incurred by Plaintiffs’ counsel and finds them to be reasonable as they are consistent with the amount and nature of the work Plaintiffs’ counsel performed in the case.

9. Based on the foregoing, the Court finds that the Settlement Agreement for the benefit of Jane Doe is fair and reasonable under all of the circumstances of this case and that the amount to be paid for the benefit of Jane Doe is fair, reasonable, and in the best interests of the Minor, Jane Doe.

10. All parties consent to the entry of this Order and waive further and/or additional finding of fact or conclusions of law to support the Order.

**ORDER**

1. The Parties' Joint Motion to Approve Settlement with a Minor is **GRANTED**.

2. The total settlement sum for the benefit of Jane Doe shall be paid and disbursed to Plaintiffs John and Mary Doe.

3. The 1/3 contingency fee is reasonable and the costs presented at hearing are reasonable and both are approved and shall be paid out of the settlement proceeds.

4. The Clerk is directed to file this Order under seal pursuant to Local Rule 6.1, provided that as soon as is practicable, the Clerk shall e-mail a copy of this Order to counsel of record.

5. All Parties are hereby ordered to carry out their respective duties and obligations as set forth in the Confidential Settlement Agreement.

6. The Parties shall file a Stipulation of Dismissal with Prejudice within thirty (30) days of the issuance of this Order.

**SO ORDERED.**

Signed: November, 24, 2026

Matthew E. Orso
United States District Judge